## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|---|
| Bishop C. M. Bailey and His Successor Trustees | |
| As Trustee for The United House of Prayer For | |
| All People of the Church on the Rock of the | |
| Apostolic Faith | |
| 1665 N. Portal Drive, N.W. | |
| Washington, DC 20012 | |
| | |
| PLAINTIFF, | |
| | Civil Action: <u>12-CV-00811</u> |
| v. | |
| | |
| Tenant Association for the United House Of | |
| Prayer For All People DC Properties, Inc. | |
| **also known as**, | |
| | |
| The United House of Prayers for All People | |
| DC Properties, | |
| **also known as,** | |
| Tenant Association for the UHOP/DC | |
| Properties, | |
| **and** | |
| | |
| Gwendolyn Brooks, President | |
| 1739 7th Street N.W., Unit 6 | |
| Washington, DC 20001, | |
| **and,** | |
| James Tate, Jr., Vice-President | |
| 1216 7th Street, N.W., Apt. 101 | |
| Washington, DC 2000,1 | |
| **and** | |
| James Tate, Sr., Secretary | |
| 1114 McCollough Court, N.W., Apt. 203 | |
| Washington, DC 20001, | |
| | |
| Serve: | |
| Jamison Huff, Resident Agent | |
| 1101 McCollough Court, #401 | |
| Washington, DC 20001 | |
| DEFENDANTS. | |

## COMPLAINT

Plaintiff, Bishop C. M. Bailey and His Successor Trustees As Trustee for the United

House of Prayer for All People Of The Church On The Rock Of The Apostolic Faith by his

attorneys, as and for his Complaint against Defendants, Tenant Association for the United House of Prayers DC Properties, Inc., Tenant Association for the UHOP/DC Properties, the United House of Prayers DC Properties, and Gwendolyn Brooks,  James Tate, Sr., James Tate, Jr. and all other known and unknown officers and agents for the Tenant Association for the United House of Prayers DC Properties, Inc., Tenant Association for the UHOP/DC Properties, the United House of Prayers DC Properties, states the following:  Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## <u>PARTIES</u>

1.   Plaintiff Bishop C. M. Bailey and His Successor Trustees, as Trustee for the United House of Prayer for All People Of The Church On The Rock Of The Apostolic Faith (hereinafter "United House of Prayer For All People") is, and at all times mentioned herein, the sole Trustee and Chief Executive Officer of The United House Of Prayer For All People Of The Church On The Rock Of The Apostolic Faith, having his principal place of business at 1665 N. Portal Drive, N.W., Washington, DC 20001.

2.   The United House Of Prayer For All People Of The Church On The Rock Of The Apostolic Faith is a nonprofit corporation and religious organization duly established and existing under the laws of the District of Columbia, having its corporate headquarters and principal place of business at 1665 N. Portal Drive, N.W., Washington, DC 20012.

3.   Upon information and belief, Defendant Tenant Association for the United House of Prayer for All People DC Properties, Inc., also known as The United House of Prayer for All People DC Properties, also known as Tenant Association for the UHOP/DC Properties (hereinafter "Defendant Corporation") is, and at all times mentioned herein, a non-profit

corporation established under the existing laws of the District of Columbia, having its principal place of business at 1101 McCollough Court, N.W, #401, Washington, D.C. 20001.

4.   Upon information and belief, Defendant Gwendolyn Brooks is, and at all times mentioned herein, a resident of the District of Columbia residing at 1739 7th Street, NW, Unit 6 in Washington, DC 20001 and serves as the President of the Defendant Corporation.

5.   Upon information and belief, James Tate, Jr. is, and at all times mentioned herein, a resident of the District of Columbia, residing at 1216 7th Street, NW, Apartment 101 in Washington, DC 20001 and serves as the Vice President of the Defendant Corporation.

6.   Upon information and belief, James Tate, Sr. is, and at all times mentioned herein, a resident of the District of Columbia, residing at 1114 McCollough Court, NW, Apartment 203 in Washington, DC 20001 and serves as the Secretary of the Defendant Corporation.

7.   Defendants Gwendolyn Brooks, James Tate, Jr., and James Tate, Sr. are disgruntled former members of the Plaintiff's religious organization, The United House of Prayer For All People.

8.   Defendants Gwendolyn Brooks, James Tate, Jr., and James Tate, Sr. each currently live in various housing accommodations owned by the Plaintiff.

9.   In an effort to form a tenant association, Defendants organized and began holding meetings on or about October 2011.

10. Defendants incorporated under the existing laws of the District of Columbia in April, 2012, forming the Defendant Corporation and acting as the officers therein.

## NATURE OF ACTION

11. This is an action for trademark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et. seq.*), and unlawful trade practices under D.C. Code § 28-3904, based on the Defendant's adoption and use of the names, "Tenant Association for the United House of Prayers DC Properties, Inc.", "The United House of Prayers For all People DC Properties", and "Tenant Association for the UHOP/DC Properties" as a corporation in violation of Plaintiff's established right in "The United House of Prayer for All People Of The Church On The Rock Of The Apostolic Faith" and "The United House of Prayer for All People" as registered trademarks of a nonprofit religious corporation.

## JURISDICTION AND VENUE

12. This is a complaint arising under Section 43(d) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1125(d); for trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and D.C. Code § 28-3904 Unlawful Trade Practices.

13. The Court has original subject matter jurisdiction over this action pursuant to 28 USC § 1338(a) and 15 USC § 1121.  This Court has related claim jurisdiction over the District of Columbia law claim pursuant to 28 USC § 1338(b) and 28 USC §1367.

14. This Court has personal jurisdiction over the Defendants, Tenant Association for the United House of Prayers DC Properties, Inc., The United House of Prayers For all People DC Properties, Tenant Association for the UHOP/DC Properties, Gwendolyn Brooks, James Tate, Jr., and James Tate, Sr. as they reside in and maintain their principal place of business in the District of Columbia

4

15. Venue is proper in this district under 28 USC § 1391(b) and (c) because the events or omissions giving rise to the claims occurred in this district, the property that is subject of the action is situated in this district, and the Defendants reside in and maintain their principal place of business in this district.

## COUNT ONE

## INFRINGEMENT OF FEDERAL
## TRADEMARK REGISTRATION NO. 1878098 and 1875661

16. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Plaintiff is the owner of United States Trademark Registration No. 1878098, registered February 7, 1995, for "The United House of Prayer For All People Of The Church On The Rock Of The Apostolic Faith" (for nonprofit religious organization and conducting related community programs in Class 42) and Registration No.1875661, registered January 24, 1995, for "United House of Prayer For All People" (for nonprofit religious organization and conducting related community programs in Class 42).  These registrations are now valid, subsisting, uncancelled and unrevoked.

18. Continuously since on or about 1927, Plaintiff has used its The United House of Prayer For All People Of The Church On The Rock Of The Apostolic Faith, United House of Prayer For All People, House of Prayer For All People, UHOPFAP, and UHOP  in connection with and to identify its church organization and to distinguish said products and services from similar products offered by other companies, by, and without limitation, prominently displaying said Mark on church buildings, commercial property, residential property, literature, internet, advertising and promotional materials distributed throughout the United States. Plaintiff's

products and services under the Registered Marks and brand name are provided nationwide, including in Washington, DC.

19. In addition, as of the date of the filing of this complaint, Plaintiff is actively engaged in expanding its use of The United House of Prayer For All People Of The Church On The Rock Of The Apostolic Faith, United House of Prayer For All People, House of Prayer For All People, UHOPFAP, and UHOP in connection with religious products and services in interstate commerce throughout the United States, including in Washington, DC.

20. Defendants have infringed Plaintiff's Mark in interstate commerce by various acts, including, without limitation, establishing a corporation using Plaintiff's Marks, promotion and advertising under the name The United House of Prayer For All People Of The Church On The Rock Of The Apostolic Faith, United House of Prayer For All People, House of Prayer For All People, UHOPFAP, and UHOP " of a type virtually identical to the type of related community services offered by Plaintiff, and the registration of the email name TenantsAssociationUHOPDCProperty@comcast.net.

21. Defendants' use of The United House of Prayer For All People Of The Church On The Rock Of The Apostolic Faith, United House of Prayer For All People, House of Prayer For All People, UHOPFAP, and UHOP in connection with a tenant's association is without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

22. Defendants' use of The United House of Prayer For All People Of The Church On The Rock Of The Apostolic Faith, United House of Prayer For All People, House of Prayer For All People, UHOPFAP, and UHOP in connection with a corporation has been made notwithstanding Plaintiff's well-known and prior established rights in the trademarks and

common law trademark, The United House of Prayer For All People Of The Church On The

Rock Of The Apostolic Faith, United House of Prayer For All People, House of Prayer For All

People and with both actual and constructive notice of Plaintiff's federal registration rights

under 15 U.S.C. §1072.

23. Upon information and belief, Defendants' infringing activities have caused and, unless

enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's

religious organization, reputation and good will in its federally registered The United House of

Prayer For All People Of The Church On The Rock Of The Apostolic Faith, United House of

Prayer For All People, House of Prayer For All People trademarks.  Plaintiff has no adequate

remedy at law.

## COUNT TWO

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A)

24. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through

23 of this Complaint as if fully set forth herein.

25. Upon information and belief, Defendants have used the designation The United House of

Prayer For All People of The Church On The Rock Of The Apostolic Faith, United House of

Prayer For All People, House of Prayer For All People, UHOPFAP, and UHOP in connection

with Defendant Corporation in interstate commerce.  Said use of the designation The United

House of Prayer For All People Of The Church On The Rock Of The Apostolic Faith, United

House of Prayer For All People, House of Prayer For All People, UHOPFAP, and UHOP is a

false designation of origin, a false or misleading description and representation of fact which is

likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or

association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's products and commercial activities by Plaintiff.

26. Upon information and belief, Defendant's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its Registered Marks and common law marks. Plaintiff has no adequate remedy at law.

## COUNT THREE

## COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

27. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Defendants'  activities as stated herein constitute unfair competition and an infringement of Plaintiff's common law trademark rights in the name United House of Prayer For All People within the District of Columbia, in violation of D.C. Code § 28-3904. (2001 Ed.) entitled "Unlawful Trade Practices."

29. Upon information and belief, Defendants' wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation, and good will in its Registered Marks and common law mark. Plaintiff has no adequate remedy at law.

## COUNT FOUR

## TRADEMARK DILUTION UNDER DISTRICT OF COLUMBIA LAW

30. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 29 of this Complaint as if fully stated herein.

31. Plaintiff's Registered and common law Marks, The United House of Prayer For All People Of The Church On The Rock Of The Apostolic Faith, United House of Prayer For All People, House of Prayer For All People trademarks constitutes a famous mark in the District of Columbia, pursuant to D.C. Code § 29-103.01, which Mark became famous prior to the commencement of Defendant's activities as alleged herein.

32. Upon information and belief, Defendants'  activities as alleged herein dilute the distinctive quality of Plaintiff's Registered and common law Marks, The United House of Prayer For All People Of The Church On The Rock Of The Apostolic Faith, United House of Prayer For All People, House of Prayer For All People, in violation of D.C. Code § 29-103.01.

33. Upon information and belief, Defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its Registered and common law Marks, The United House of Prayer For All People Of The Church On The Rock Of The Apostolic Faith, United House of Prayer For All People, House of Prayer For All People.  Plaintiff has no adequate remedy at law.

## COUNT FIVE

## DISTRICT OF COLUMBIA UNLAWFUL TRADE PRACTICES ACT

34. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Defendants' activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of D.C. Code §§ 28-3904(a), (b), and (e).

36. Defendants established and operate their place of business within the Plaintiff's housing accommodation, without authorization, in violation of the lease agreement for said property, and in violation of District of Columbia Municipal Regulations and zoning laws, all of which subject Plaintiff to possible revocation of its Certificate of Occupancy by the District of Columbia government.

37. In October 2011, Defendants Gwendolyn Brooks, James Tate, Jr., and James Tate, Sr, organized Tenant Association for the United House of Prayers DC Properties, Inc., Tenant Association for the UHOP/DC Properties, Tenant Association for the United House of Prayer DC Properties, Inc. and pursuant to D.C. Code § 29-402.04, began acting on behalf of the nonprofit corporation, knowing there was no incorporation thereby holding said Defendants jointly and severally liable for all liabilities created while so acting.

38. Upon information and belief, Defendants' wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its Registered and common law Marks, The United House of Prayer For All People Of The Church On The Rock Of The Apostolic Faith, United House of Prayer For All People, House of Prayer For All People. Plaintiff has no adequate remedy at law.

## COUNT SIX

## PIERCING THE CORPORATE VEIL BASED ON FRAUD

39. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. Defendants Gwendolyn Brooks, James Tate Sr., James Tate Jr. are the officers of the Defendant Corporation, acting as its President, Vice President and Secretary, respectively.

41. The Defendant Corporation is a closely held corporation by its officers.

42. As its officers, Defendants exercised dominion and control over the Defendant Corporation to intentionally and fraudulently mislead members of the public to believe that the Defendant Corporation was associated with, sanctioned and/or authorized by the Plaintiff. Defendants undertook these intentionally fraudulent actions by publically disseminating flyers and notices within the multiple properties owned and operated by the Plaintiff.

43. The Defendant Corporation's statements, as written in these flyers and notifications illegally carried the Plaintiff's trademarked name and intentionally caused confusion amongst the public.

44. The Defendant Corporation's statements were the proximate cause of the Plaintiff's injuries.

45. To the extent the Defendant Corporation operates under the control of its officers, and to the extent its corporate structure was created to shelter the wrongdoings of those officers from judicial or administrative oversight, such corporate formalities should be disregarded.

46. The officers of the Defendant Corporation misused the corporate form as their own personal conduit to commit a wrong and injustice upon the Plaintiff.  Placing the burden of the wrong upon the actual wrongdoers is the equitable and just result.

## COUNT SEVEN

## PIERCING THE CORPORATE VEIL BASED ON UNLAWFUL CORPORATE PURPOSE

47. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Defendants Gwendolyn Brooks, James Tate Sr., James Tate Jr. are the officers of the Defendant Corporation, acting as its President, Vice President and Secretary respectively. The officers of the Defendant Corporation registered the Defendant Corporation with the DC Department of Consumer and Regulatory Affairs as a tenant association.

49. As its officers, Defendants exercised dominion and control over the Defendant Corporation, yet failed to follow the prescribed formalities of a tenant organization as required by District of Columbia law.

50. Pursuant to §42-3401.03, District of Columbia law requires that a properly organized tenant organization represent at least a majority of the heads of household in a housing accommodation. The Defendant Organization fails to meet this basic statutory requirement in that it does not represent the majority of heads of household in any housing accommodation owned by the Plaintiff. The Defendant Corporation cannot legally operate as a tenant organization.

51. The officers of the Defendant Corporation improperly and intentionally mislead the public into believing that it operates as a tenant association for several, indeed all, of the housing accommodations owned by the Plaintiff in Washington DC. Section 42-3401.03 limits the purview of any properly organized tenant organization to a particular housing accommodation, specifically, "a structure" in the District of Columbia. The term "structure" is

singular and not plural and the Defendant Corporation cannot lawfully claim to operate as a tenant organization for all of the Plaintiff's various housing accommodations.

52. The officers of the Defendant Corporation have intentionally misused the corporate form in a manner that is inconsistent with District of Columbia law to injure the Plaintiff.

53. The actions of the officers by the Defendant Corporation were the proximate cause of injury to the Plaintiff.

54. To the extent the Defendant Corporation was formed for purposes that are inconsistent with District of Columbia law, it is equitable and just to disregard the corporate formation and find personal liability on behalf of the Defendant Corporation's officers.

WHEREFORE, Plaintiff prays:

1. That a preliminary and permanent injunction issue restraining Defendants, individually, and as a non-profit corporation, their  agents, servants, employees, successors and assigns and all others in concert and in privity with them from using the names The United House of Prayer For All People Of The Church On The Rock Of The Apostolic Faith, United House of Prayer For All People, House of Prayer For All People, UHOPFAP, and UHOP in connection with any activity, including, but not limited to the offering of related community services, opening bank accounts, printing, possessing or distributing literature, advertising, books, pamphlets, bulletins, from creating internet web sites, social media accounts, i.e. Facebook, Twitter, email accounts, etc., or in any other fashion which infringes upon U.S. Trademark Registration No. 1878098, Registration No. 1875661 and common law trademarks, from unfairly competing with Plaintiff, from engaging in unfair and deceptive trade practices and from injuring Plaintiff's business reputation and diluting its trademark rights, pursuant to

Section 34 of the Lanham Act (15 U.S.C. §1116), Section 28 of the District of Columbia Code (D.C. Code § 28-3905), and the equitable power of this Court to enforce the common law of the District of Columbia.

2. That Defendants, jointly and severally, be required to account to Plaintiff for Defendants' profits and income, as well as reimburse Plaintiff for actual damages suffered by Plaintiff as a result of Defendants' acts or infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices, together with interest, and that Plaintiff's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117), Section 28 of the District of Columbia Code (D.C. Code § 28-3905) , as well as under the Municipal Regulations, statutes and common law of the District of Columbia; ;

3. That Defendants, jointly and severally, be ordered to surrender, for destruction, all name-plates, labels, advertisements, and other materials incorporating or reproducing the infringing Registered Marks and common law trademark, pursuant to Section 36 of the Lanham Act (15 U.S.C. §1118), Section 28 of the District of Columbia Code (D.C. Code § 28-3904) and the equitable power of this Court to enforce the laws, regulations and common law of the District of Columbia;

4. That Defendants, jointly and severally, be compelled to pay Plaintiff's actual attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117) and Section 28 of the District of Columbia Code (D.C. Code § 28-

3905).   That Defendant be compelled to pay Plaintiff punitive damages pursuant to

Section 28 of the District of Columbia Code (D.C. Code § 28-3905); and

   5.  For such other and further relief as may be just and equitable.

## **<u>BENCH TRIAL</u>**

Plaintiff demands a bench trial.

Respectfully submitted,

<u>/s/ Rosalind Lewis</u>
Rosalind Lewis – Bar #979386
Banks & Lewis, PLLC
1725 I Street, NW, Suite 300
Washington, DC 20006
Mobile:  (202) 236-7272
Office: (202) 349-1129
Fax: (202) 318-2157
Email:  attorneylewis@verizon.net

<u>/s/ Daneen Banks</u>
Daneen Banks – Bar# MD14486
Banks & Lewis, PLLC
1725 I Street, NW, Suite 300
Washington, DC 20006
Mobile:  (410) 215-5481
Office: (202) 349-1129
Fax: (202) 318-2157
Email:  attorneybanks@yahoo.com